ARTHUR C. SCHOENHERR et al., Respondents, v. CONTINENTAL INSURANCE COMPANY et al., Appellants, et al., Defendants.— Appeal from a judgment of the Supreme Court, Albany County, entered August 16, 1951, in favor of the plaintiffs and against the defendants-appellants after a trial before the court without a jury. The plaintiffs had held a policy of fire insurance in the amount of $3,000 issued by the defendant Mutual Insurance Association of Nassau, Schodack and Chatham, covering certain real property owned by them. In August, 1947, the plaintiffs secured a larger mortgage and, on September 5, 1947, they requested the agent of the defendants Continental Insurance Company and Fidelity and Guaranty Insurance Corporation to issue new insurance in the amount of $5,000. The agent accordingly issued two policies, each in the amount of $2,500, one in the name of the Continental and the other in the name of the Fidelity. At the plaintiffs' request, the agent wrote to the mortgagee requesting it to return the outstanding policy issued by the defendant Mutual in order that it might be surrendered for cancellation. He subsequently received the policy and forwarded it to the plaintiffs and the plaintiffs in turn mailed it to Mutual, enclosed in a letter requesting cancellation. The letter apparently was never received by Mutual. A fire occurred on September 21, 1947, resulting in a loss in the amount of $5,325. The defendants Continental and Fidelity contended that there was no effective cancellation of the Mutual policy and that therefore they were only liable for five-eighths of the loss under the provision of the policy entitled " Pro rata liability " and providing that the " company shall not be liable for a greater proportion of any

loss than the amount hereby insured shall be to the whole insurance covering the property ". The Trial Justice dismissed the complaint as to the defendant Mutual and rendered judgment against the defendants-appellants for the full amount of the loss. The Trial Justice correctly rejected the contention of the defendants-appellants. The defendants-appellants have no standing to question the efficacy of the steps taken by the plaintiffs to effect the cancellation of the Mutual policy. The defendants-appellants issued their policies upon the understanding that the Mutual policy would be cancelled and that their policies would constitute all of the insurance outstanding. Since the plaintiffs had taken all necessary steps on their part to carry out this understanding and had actually mailed the policy back to Mutual for cancellation, the understanding was fully carried out so far as the defendants-appellants were concerned and they cannot be heard to complain as to any informality in the manner of cancellation. While the defendant Mutual did not receive the policy, it accepted the benefit of the plaintiffs' action and agreed to the cancellation of the policy. The Mutual policy was therefore effectively cancelled. Judgment appealed from unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.